1 | ADAM C. BROWN (SBN 161951)
2 | ANDREA R. SHEARER (SBN 265421)
**HILL RIVKINS BROWN & ASSOCIATES**
3 | **A Professional Law Corporation**
11140 Fair Oaks Boulevard, Suite 100
4 | Fair Oaks, CA 95628
Telephone: (916) 535-0263
5 | Facsimile: (916) 535-0268

6 | Attorneys for Plaintiff,
LIG INSURANCE COMPANY LIMITED

7

8

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

LIG INSURANCE COMPANY LIMITED, a )  **CV11  04382  JAK (MANx)**
foreign corporation,                                        )
                                                                        )  **COMPLAINT**
            Plaintiff,                                          )
                                                                        )
    vs.                                                            )
                                                                        )
EXEL TRANSPORTATION SERVICES,           )
INC.; a Delaware corporation; PANTOS       )
LOGISTICS CO., LTD., a foreign corporation;)
and DOES 1-10, inclusive,                             )
                                                                        )
            Defendant.                                     )

**BY FAX**

Plaintiff, LIG INSURANCE COMPANY LIMITED alleges upon information and belief as follows:

**PARTIES**

1.  Plaintiff LIG INSURANCE COMPANY LIMITED ("LIG") is, and at all times mentioned herein was, a foreign corporation, and was the insurer of the shipments which are the subject matter of this action.  LIG has reimbursed its insured, LG Display Co., Ltd. ("LG"), for the losses set forth herein pursuant to the terms and conditions of the insuring agreement between itself and its insured, and has thereby become subrogated to the rights of the insured, as those rights may appear.

2.     Defendant Exel Transportation Services, Inc. ("Exel") is, and at all times mentioned herein was, a corporation organized and existing under the laws of the State of Delaware, and at all times mentioned herein was a provider of transport services and/or a common carrier of goods for hire, and entered into a transportation agreement, pursuant to which Exel assumed the liability of an interstate common motor carrier.

3.     Defendant PANTOS LOGISTICS CO., LTD ("Pantos") is, and at all times mentioned herein was, a foreign corporation, and at all times mentioned herein was a provider of transport services and/or a common carrier of goods for hire, and entered into a transportation agreement with LG, pursuant to which Pantos assumed the liability of an ocean carrier and an interstate common motor carrier.

4.     Plaintiff is ignorant of the true names and capacities of Defendants used herein as DOES 1 through 10, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes, and thereon alleges, that each of the DOE Defendants is responsible in some manner for the events and happenings herein referred to, and thereby proximately caused the injuries and damages herein alleged.

5.     At all times material hereto, Defendants, and each of them, were agents, servants or employees of each Defendant named herein, and at all of said times, each said Defendant was acting within the course and scope of said agency, service or employment.

## JURISDICTION AND VENUE

6.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1333 and 1337(a), as Plaintiff seeks damages for injury to freight shipped by sea and in interstate commerce under the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706 et seq.  This Court has supplemental jurisdiction over the common law claims pursuant to 28 U.S.C. § 1367.  This Court also has diversity jurisdiction pursuant to 28 U.S.C. § 1332.

1

**GENERAL ALLEGATIONS**

2        7.    LG Display Co., Ltd, the assured, markets consumer branded electronics in the

3    United States.

4        8.    LG contracts with common carriers and/or transportation logistics brokers to

5    provide transportation services from Compton, California to Miami, Florida to Brazil.

6        9.    Pantos and Exel coordinate transportation from Compton, California. From

7    Compton, the cargo was to be transported via truck to Miami, Florida and then by sea to Brazil.

8        10.    For the shipment, Pantos made freight arrangements through their US Agents

9    FNS, Inc. ("FNS") for delivery of the goods from Compton, California to Miami, Florida where

10   they would then be loaded for export to Brazil.

11       11.    FNS issued the delivery order for the goods to SJ Logix, a freight broker who

12   tendered the load to Exel.

13       12.    Exel assigned the delivery order upon information and belief to C & E Trucking

14   who left with the trailer on May 10, 2010.

15       13.    On May 13, 2010 the Freight Forwarder heard from the trucking company that the

16   driver reported a mechanical breakdown while in Alabama, approximately 850 miles from

17   Miami.

18       14.    On May 14, 2010 the driver reported that he was able to continue towards Miami

19   with a revised estimated time of arrival being on or about May 21, 2010.

20       15.    By May 16, 2010 contact was lost with the driver and the matter was reported to

21   the Police in Alabama and Compton, California for theft of the goods.

22       16.    Approximately $403,644.00 worth of cargo went missing.

23       17.    The facts and circumstances surrounding the theft are as follows: This was an

24   organized crime incident involving a professional gang using the Department of Transportation

25   ("DOT") credentials of a trucking company no longer in business (C & E Trucking) to falsely

26   gain possession of the cargo with the intent to steal it.  The FBI had been investigating the group

27   (based on identical methods) for approximately two years.  The now defunct trucking company

28   had been used for more than 10 similar thefts of cargo from the greater Los Angeles area.

18.     The cargo of interest consisted of two orders of 32" HDTV monitors shipped in 40" High Cube containers as follows:

A.  Order No. LUS10040123 (Invoice No. KDP1040831) B/L 0330835

-   1,248 pieces Model LC320WXN-SBC2

-   Inv. Value $196.02 x 1,248 = $244,632.96

B.  Order No. LUS 10040233 (Invoice No. KDP1040895) B/L 0332051

-   1,560 pieces Model LC320WXE-SCA1

-   Inv. Value $196.02 x 1,560 = $305,791.20

19.     1,560 LC320WXE-SCA1 units and 312 LC320WXN-SBC2 units went missing totaling $403,644.00 in goods.

20.     Plaintiff was the receiver, insurer and/or owner of the Cargo and brings this action on its own behalf and as agents' or trustees of all parties who may be or become interested in said Cargo as their respective interest may appear, and Plaintiff is entitled to bring this action.

21.     Plaintiff and its insured have performed all duties and obligations on their part to be performed.

### FIRST CLAIM FOR RELIEF
### (Injury or Damage to Cargo - 49 U.S.C.S § 14706)

22.     Plaintiff hereby incorporates by reference each, every and all of the allegations in paragraphs 1 through 21, inclusive, above, as though the same were again fully set forth at length herein.

23.     On the above-referenced shipping dates, at the Owens Container Freight Station in Compton, California, there was delivered to Defendants in good order and condition various styles of HDTV monitors (the "Cargo"), suitable in every respect for the intended transportation for which Defendants received, accepted and agreed to transport said Cargo for certain consideration to Miami, Florida.

24.     Defendants signed the bills of lading acknowledging receipt of the Cargo in good order and condition.

25.     As of this date, the Cargo has not been delivered.  Plaintiff is informed and believes, and thereon alleges, that Defendants, and each of them, permitted said Cargo to be

stolen and/or lost while in their possession, as alleged herein, or otherwise failed to deliver the Cargo to the consignee.

26.     Plaintiff is the lawful holder of the bills of lading and other documents of title establishing its ownership of the Cargo.

27.     The value of the Cargo which should have been delivered totals $550,424.16.

28.     As a direct and proximate result of the nondelivery of the Cargo, Plaintiff has been damaged in the approximate amount of $403,644.00, including the value of the Cargo, duty, freight and advance.

29.     Plaintiff timely presented Defendants with a claim for damages pursuant to 49 U.S.C. § 14706(e).

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as hereinafter set forth.

## SECOND CLAIM FOR RELIEF
### (Breach of Contract)

30.     Plaintiff hereby incorporates by reference each, every and all of the allegations in paragraph 1 through 29, inclusive, above, as though the same were again fully set forth at length herein.

31.     Plaintiff maintains agreements and written contracts with Pantos and Exel in which for monetary consideration, Pantos and Exel are responsible for arranging transportation between Korea, Compton, California, Miami, Florida and Brazil.

32.     On the above-referenced shipping dates, at Pusan, Korea and at the Owens Container Freight Station in Compton, California, there was delivered to Defendants in good order and condition various styles of HDTV monitors (the "Cargo"), suitable in every respect for the intended transportation for which Defendants received, accepted and agreed to transport said Cargo for certain consideration to Miami, Florida to Brazil.

33.     Defendants, in consideration for reasonable compensation, agreed to safely and promptly carry the Cargo and deliver same to Miami, Florida to Brazil.

34.     Plaintiff has performed all conditions, covenants and promises on its part to be performed, including payment in full for services rendered by Defendants, including payment of freight and transportation costs.

35.     Defendants breached the contracts with Plaintiff by failing to safely carry and deliver the Cargo to the consignee, as described herein.

36.     As a direct and proximate result of Defendants' breach of the contract, Plaintiff has suffered damages in the amount of $403,644.00.

WHEREFORE, Plaintiff pray for judgment against Defendants, and each of them, as hereinafter set forth.

### THIRD CLAIM FOR RELIEF
### (Negligence)

37.     Plaintiff hereby incorporates by reference each, every and all of the allegations in paragraph 1 through 36, inclusive, above, as though the same were again fully set forth at length herein.

38.     On the above-referenced shipping dates, at Pusan, Korea and at the Owens Container Freight Station in Compton, California, there was delivered to Defendants in good order and condition various styles of HDTV monitors (the "Cargo"), suitable in every respect for the intended transportation for which Defendants received, accepted and agreed to transport said Cargo for certain consideration to Miami, Florida to Brazil.  As such, Defendants owed a duty to Plaintiff to use reasonable care in the transport of the Cargo, including all reasonable steps to ensure the Cargo reached its destination in good order and condition.

39.     Defendants negligently failed to arrange for the carriage of the Cargo with suitable motor carriers; failed to take reasonable measures to prevent the theft of the Cargo; breached and violated their duties as providers of transportation services and their obligations as a common carrier and bailee of said Cargo; and otherwise failed to act within the standard of care required of a carrier and/or broker of goods for hire.

40.     Thereafter the Cargo was never delivered to its final destination.

1    41.    As a direct and proximate result of Defendants' negligence, Plaintiff has sustained

2    damages in the amount of $403,644.00 plus such additional sums in an amount according to

3    proof.

4

5    WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as

6    follows:

7    1.    For the value of the Cargo lost or stolen in the amount of $403,644.00;

8    2.    For incidental and consequential damages according to proof;

9    3.    For costs of suit incurred herein; and

10   4.    For such other and further relief as the Court may deem proper.

11

12   Date:  May 20, 2011                          HILL RIVKINS BROWN & ASSOCIATES
                                                  A Professional Law Corporation

13

14

15   By: _____
                                                  ANDREA R. SHEARER
16                                                Attorneys for Plaintiff
                                                  LIG INSURANCE COMPANY
17                                                LIMITED

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge John Kronstadt and the assigned discovery Magistrate Judge is Margaret A. Nagle.

The case number on all documents filed with the Court should read as follows:

## CV11- 4382 JAK (MANx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)        NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

UNITED STAT  DISTRICT COURT, CENTRAL DISTRICT  CALIFORNIA
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself □) | DEFENDANTS |
|---|---|
| LIG INSURANCE COMPANY LIMITED, a foreign corporation | EXEL TRANSPORTATION SERVICES, INC., a Delaware corporation; PANTOS LOGISTICS CO., LTD., a foreign corporation; and DOES 1-10, inclusive |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| ADAM C. BROWN/ANDREA R. SHEARER      916-535-0263 HILL RIVKINS BROWN & ASSOCIATES 11140 Fair Oaks Blvd #100, Fair Oaks, CA 95628 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

□ 1 U.S. Government Plaintiff    ☑ 3 Federal Question (U.S. Government Not a Party)

□ 2 U.S. Government Defendant    □ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | □ 1 | □ 1 | Incorporated or Principal Place of Business in this State | □ 4 | □ 4 |
| Citizen of Another State | □ 2 | □ 2 | Incorporated and Principal Place of Business in Another State | □ 5 | □ 5 |
| Citizen or Subject of a Foreign Country | □ 3 | □ 3 | Foreign Nation | □ 6 | □ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   □ 2 Removed from State Court   □ 3 Remanded from Appellate Court   □ 4 Reinstated or Reopened   □ 5 Transferred from another district (specify):   □ 6 Multi-District Litigation   □ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** □ Yes  ☑ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** □ Yes  ☑ No      ☑ MONEY DEMANDED IN COMPLAINT: $ 366,949.44

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
49 U.S.C. §§ 14706 et seq. and 1337(a) Carmack Amendment

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| □ 400 State Reapportionment | □ 110 Insurance | □ 310 Airplane | □ 370 Other Fraud | □ 510 Motions to | □ 710 Fair Labor Standards |
| □ 410 Antitrust | □ 120 Marine | □ 315 Airplane Product | □ 371 Truth in Lending | Vacate Sentence | Act |
| □ 430 Banks and Banking | □ 130 Miller Act | Liability | □ 380 Other Personal | Habeas Corpus | □ 720 Labor/Mgmt. |
| □ 450 Commerce/ICC Rates/etc. | □ 140 Negotiable Instrument | □ 320 Assault, Libel & Slander | Property Damage | □ 530 General | Relations |
| □ 460 Deportation | □ 150 Recovery of Overpayment & | □ 330 Fed. Employers' | □ 385 Property Damage Product Liability | □ 535 Death Penalty | □ 730 Labor/Mgmt. Reporting & |
| □ 470 Racketeer Influenced and Corrupt | Enforcement of Judgment | Liability | **BANKRUPTCY** | □ 540 Mandamus/ Other | Disclosure Act |
| Organizations | □ 151 Medicare Act | □ 340 Marine | □ 422 Appeal 28 USC | □ 550 Civil Rights | □ 740 Railway Labor Act |
| □ 480 Consumer Credit | □ 152 Recovery of Defaulted | □ 345 Marine Product Liability | 158 | □ 555 Prison Condition | □ 790 Other Labor Litigation |
| □ 490 Cable/Sat TV | Student Loan (Excl. | □ 350 Motor Vehicle | □ 423 Withdrawal 28 | **FORFEITURE/** | □ 791 Empl. Ret. Inc. |
| □ 810 Selective Service | Veterans) | □ 355 Motor Vehicle | USC 157 | **PENALTY** | Security Act |
| □ 850 Securities/Commodities/ Exchange | □ 153 Recovery of Overpayment of | Product Liability | **CIVIL RIGHTS** | □ 610 Agriculture | **PROPERTY RIGHTS** |
| □ 875 Customer Challenge 12 | Veteran's Benefits | □ 360 Other Personal Injury | □ 441 Voting | □ 620 Other Food & Drug | □ 820 Copyrights |
| USC 3410 | □ 160 Stockholders' Suits | □ 362 Personal Injury- | □ 442 Employment | □ 625 Drug Related | □ 830 Patent |
| ☑ 890 Other Statutory Actions | □ 190 Other Contract | Med Malpractice | □ 443 Housing/Acco- | Seizure of | □ 840 Trademark |
| □ 891 Agricultural Act | □ 195 Contract Product | □ 365 Personal Injury- | mmodations | Property 21 USC | **SOCIAL SECURITY** |
| □ 892 Economic Stabilization Act | Liability | Product Liability | □ 444 Welfare | 881 | □ 861 HIA (1395ff) |
| □ 893 Environmental Matters | □ 196 Franchise | □ 368 Asbestos Personal | □ 445 American with | □ 630 Liquor Laws | □ 862 Black Lung (923) |
| □ 894 Energy Allocation Act | **REAL PROPERTY** | Injury Product | Disabilities - | □ 640 R.R. & Truck | □ 863 DIWC/DIWW |
| □ 895 Freedom of Info. Act | □ 210 Land Condemnation | Liability | Employment | □ 650 Airline Regs | (405(g)) |
| □ 900 Appeal of Fee Determi- | □ 220 Foreclosure | **IMMIGRATION** | □ 446 American with | □ 660 Occupational | □ 864 SSID Title XVI |
| nation Under Equal | □ 230 Rent Lease & Ejectment | □ 462 Naturalization | Disabilities - | Safety /Health | □ 865 RSI (405(g)) |
| Access to Justice | □ 240 Torts to Land | Application | Other | □ 690 Other | **FEDERAL TAX SUITS** |
| □ 950 Constitutionality of | □ 245 Tort Product Liability | □ 463 Habeas Corpus- | □ 440 Other Civil | | □ 870 Taxes (U.S. Plaintiff |
| State Statutes | □ 290 All Other Real Property | Alien Detainee | Rights | | or Defendant) |
| | | □ 465 Other Immigration Actions | | | □ 871 IRS-Third Party 26 USC 7609 |

CV11 04382

FOR OFFICE USE ONLY:  Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LIG INSURANCE COMPANY LIMITED | a foreign corporation |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| EXEL TRANSPORTATION SERVICES, INC. PANTOS LOGISTICS CO., LTD | Delaware a foreign corporation |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____ Date May 20, 2011

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |